**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Martin, | ) | No. 08-2076-PHX-JAT |
| Appellant, | ) | **ORDER** |
| vs. | ) | |
| Michael J. Astrue, Commissioner, Social Security Administration, | ) ) ) | |
| Appellee. | ) ) | |

Pending before the Court is Appellant James Martin's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 25). The Court now rules on the Motion.

**I.    Background**

Appellant, James Martin, filed an application for supplemental security income benefits. The Agency denied his application initially and on reconsideration. On April 18, 2007, Mr. Martin appeared with counsel and testified before an Administrative Law Judge ("ALJ"). In a decision dated July 11, 2007, the ALJ found that Mr. Martin was not disabled because he could perform a significant number of jobs in the economy. The Appeals Council denied Mr. Martin's request for review of the ALJ's decision. Mr. Martin then filed his appeal pursuant to 42 U.S.C. §405(g).

On appeal, the Court found that the ALJ did not provide convincing reasons for rejecting Mr. Martin's testimony regarding the severity of his pain. (Doc. 24.) Although

1 the Court reversed the Commissioner's denial of benefits, the Court declined to remand for
2 an award of benefits because outstanding issues remained. (Id.) The Court instead remanded
3 for further proceedings consistent with its Order. (Id.)

4 Mr. Martin filed the Application for Attorney Fees on May 21, 2010. (Doc. 25.) The
5 Commissioner filed his Response on June 21, 2010. (Doc. 26.) Mr. Martin filed his Reply
6 on June 28, 2010. (Doc. 27.)

7 **II.     Analysis and Conclusion**

8 The Equal Access to Justice Act (the "EAJA") provides that the Court shall award
9 attorneys' fees to a prevailing party, other than the government, in an action for review of
10 agency action, unless the Court finds that the position of the United States was substantially
11 justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A).
12 Because the Court reversed and remanded to the Commissioner for further proceedings
13 pursuant to sentence four of 42 U.S.C. §405(g), Appellant is the prevailing party for purposes
14 of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Gutierrez v. Barnhart*, 274 F.3d
15 1255, 1257 (9th Cir. 2001)("An applicant for disability benefits becomes a prevailing party
16 for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless
17 of whether disability benefits ultimately are awarded.").

18 The Commissioner has the burden of demonstrating that his position was substantially
19 justified or that special circumstances exist to make an award unjust. *Gutierrez*, 274 F.3d at
20 1258. A substantially justified position must have a reasonable basis in law and in fact. *Id*.
21 In his Response, the Commissioner does not argue that his position was substantially justified
22 or that special facts exist that would make an award of fees unjust. The Commissioner
23 therefore has not met his burden of demonstrating substantial justification or special
24 circumstances, and the Court will award fees to Appellant.

25 Appellant has requested $5,944.47 in attorneys' fees. The Commissioner does not
26 dispute the reasonableness of the attorneys' fees requested. The Court therefore will award
27 $5,944.47, the full amount of attorneys' fees requested. The Court also will award Appellant
28 $350 in costs for the filing fee paid.

1     In his Response, the Commissioner argues that any amount the Court awards under the EAJA must go to Mr. Martin, not his attorney. The Court agrees with the Commissioner that the EAJA award is payable to Mr. Martin and not to his attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2526-27 (2010)(holding that EAJA attorneys' fees awards are awarded and payable to the litigant, not the prevailing party's attorney). The Court therefore specifies that its award in this Order is made to and payable directly to the Appellant, Mr. Martin.

    Accordingly,

    **IT IS ORDERED** Granting Appellant's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 25). The Court awards to Mr. Martin $5,944.47 in attorneys' fees.

    **IT IS FURTHER ORDERED** awarding Mr. Martin $350 in costs pursuant to 28 U.S.C. §2412(a)(1), to be paid out of the Judgment Fund, as administered by the United States Department of Justice.

    DATED this 9th day of March, 2011.

_____
James A. Teilborg
United States District Judge